UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ELIZABETH  WORKMAN,                        )
                                           )
                      Plaintiff,           )
                                           )
             vs.                           )          No. 1:16-cv-00457-JMS-DKL
                                           )
NAVIENT SOLUTIONS, INC.,                   )
                                           )
                      Defendant.           )

**ORDER**

Presently pending before the Court is a Motion for Judgment on the Pleadings filed by

Defendant Navient Solutions, Inc. ("Navient") regarding Plaintiff Elizabeth Workman's

Telephone Consumer Protection Act ("TCPA") claim.  [Filing No. 16.]  In support of its motion,

Navient points to statutory amendments to the TCPA that went into effect November 2, 2015,

arguing that they bar Ms. Workman's TCPA claim against Navient as a matter of law.  [Filing No.

17.]  Ms. Workman filed a Motion for Stay in response, asking the Court to stay this action for 90

days to give the Federal Communications Commission ("FCC") time to implement regulations

regarding the amended portions of the TCPA.  [Filing No. 18; Filing No. 19.]  Navient opposes

Ms. Workman's stay request.  [Filing No. 21.]  Both pending motions are now ripe for the Court's

consideration.

**A.  Procedural History**

On February 25, 2016, Ms. Workman filed a Complaint in this Court against Navient,

alleging that Navient violated the TCPA by making repeated calls to her cell phone since

November 2015 with an automated telephone dialing system that used pre-recorded messages.

[Filing No. 1 at 5-7.]  Navient filed an Answer to Ms. Workman's Complaint on April 18, 2016,

[Filing No. 12], and filed a Motion for Judgment on the Pleadings on May 16, 2016, [Filing No. 16].  Navient argues that statutory amendments to the TCPA that went into effect on November 2, 2015 exempt it from liability for calls made to collect a debt owed or guaranteed by the United States, such as the debt at issue in this action.  [Filing No. 17.]  Thus, Navient contends that Ms. Workman's TCPA claim must be dismissed as a matter of law.  [Filing No. 17.]

In response to Navient's Motion for Judgment on the Pleadings, Ms. Workman filed a Motion to Stay.  [Filing No. 18.]  Ms. Workman argues that a 90-day stay is appropriate because of anticipated regulations from the FCC concerning a recent amendment to the TCPA.  Ms. Workman "does not dispute Defendant was calling to collect on a past due loan payment for her student loans serviced by Defendant" and "also does not dispute that the loans Defendant was calling to collect on are part of the Family Federal Education Loan Program."  [Filing No. 19 at 2.]  Thus, Ms. Workman acknowledges that if her request for a stay is not granted, Navient's Motion for Judgment on the Pleadings "will likely be granted."  [Filing No. 22-1 at 4.]

**B.  TCPA & Forthcoming FCC Regulations**

On November 2, 2015, the Bipartisan Budget Act of 2015 (the "Budget Act") was signed into law.  PL 114-74, Nov. 2, 2015, 129 Stat 584.  Among other things, it amended a portion of the TCPA to provide that artificial or prerecorded voice calls cannot be made to a telephone number without the consent of the called party unless the call is "made solely to collect a debt owed to or guaranteed by the United States."  PL 114-74, Nov. 2, 2015, 129 Stat 584 (amending 47 U.S.C. § 227(b)).  The Bipartisan Budget Act of 2015 also provides that no later than nine months after its enactment "the [FCC], in consultation with the Department of the Treasury, shall prescribe regulations to implement the amendments made by this section."  PL 114-74, Nov. 2, 2015, 129 Stat 584.  Specifically, the FCC "may restrict or limit the number and duration of calls

made to a telephone number assigned to a cellular telephone service to collect a debt owed to or guaranteed by the United States."  PL 114-74, Nov. 2, 2015, 129 Stat 584 (adding 47 U.S.C. § 227(b)(2)(H)).

On May 6, 2016, the FCC issued a Notice of Proposed Rulemaking, "recogniz[ing] and seek[ing] to balance the importance of collecting debt to the United States and the consumer protections inherent in the TCPA."  [Filing No. 19 at 10.[1]]  The Notice of Proposed Rulemaking recognizes the Budget Act's amendments to the TCPA and that the applicable sections "now explicitly *do not* make it unlawful for anyone to make autodialed, artificial-voice, or prerecorded-voice calls to both wireless phones and residential landline phones, without the prior express consent of the called party, if the calls are 'made solely to collect a debt owed to or guaranteed by the United States.'"  [Filing No. 19 at 11 (original emphasis) (citing 47 U.S.C. § 227(b)(1)(A)-(B)).]  The Notice of Proposed Rulemaking sets forth various implementation questions on which the FCC seeks comment, "such as which calls are covered by the phrase 'solely to collect,' how we should restrict the number and duration of such calls, and how to implement such restrictions."  [Filing No. 19 at 13-19.]  Comments were to be submitted by June 6, 2016, and reply comments were to be submitted by June 21, 2016.  [Filing No. 19 at 10.]

### C. Discussion

Ms. Workman urges the Court to use its inherent authority to stay this action for 90 days.  [Filing No. 19.]  She claims that a stay will not unduly prejudice Navient, that it will simplify the issues in this litigation, and that it will reduce the burden of litigation on the parties and the Court.

---

[1] Ms. Workman included a copy of the FCC's May 6, 2016 Notice of Proposed Rulemaking with her Motion to Stay.  [Filing No. 19 at 10-36.]  It is also available online at https://apps.fcc.gov/edocs_public/attachmatch/FCC-16-57A1.pdf (last visited July 26, 2016).

[Filing No. 19 at 3-6.]  Ms. Workman emphasizes that her case is in its early stages and that the rules the FCC enacts will be binding.  [Filing No. 19 at 6.]

In its opposition, Navient emphasizes that Ms. Workman bears the burden of showing that a stay is appropriate.  [Filing No. 21 at 1.]  Navient argues that "the prospect of future rulemaking has nothing to do with this action" and that at the time of the calls at issue "no binding regulations exist[ed] or appl[ied]."  [Filing No. 21 at 1-2.]  Navient also points out that there is no guarantee that the final FCC rules will be adopted on time by the August deadline.  [Filing No. 21 at 2 (citing Filing No. 19 at 36 (partially dissenting opinion of FCC Commissioner O'Rielly)).]

On reply, Ms. Workman emphasizes that the FCC "will likely issue guidelines" by the deadline and that the Court risks prematurely dismissing her case if it dismisses it before the FCC issues its rules.  [Filing No. 22-1 at 3-4.]  Ms. Workman does not respond to Navient's argument that the FCC's future rulemaking has nothing to do with her action based on calls from November 2015.  [Filing No. 22-1.]  She concedes that if her stay request is denied, Navient's Motion for Judgment on the Pleadings "will likely be granted."  [Filing No. 22-1 at 4.]

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis*, 299 U.S. at 254-55.  "The proponent of a stay bears the burden of establishing its need."  *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Ms. Workman argues that staying the litigation for 90 days is the prudent course of action because the FCC should issue the anticipated rules by August.  [Filing No. 19.]  While she seems

certain in that prediction, at least one of the FCC Commissioners is not. FCC Commissioner O'Rielly concludes a statement issued with the Notice of Proposed Rulemaking with his prediction that the final rules will be adopted "likely after the August deadline." [Filing No. 19 at 36.] Thus, despite Ms. Workman's prediction, it is far from certain that the anticipated FCC rules will be issued in the near future.

More importantly, however, the Court finds it telling that Ms. Workman ignores Navient's argument that the anticipated FCC rules will not apply to the phone calls from November 2015 that form the basis of Ms. Workman's TCPA claim. [Filing No. 21 at 1-2.] Put another way, Ms. Workman—who bears the burden of establishing the need for the stay she requests—cites no authority for her inherent proposition that the forthcoming rules will retroactively apply to the calls made before the rule's enactment on which her TCPA claim is based. The FCC's Notice of Proposed Rulemaking does not say or imply that the anticipated rules will be retroactive. [Filing No. 19 at 10-36.] Instead, it clearly states that the applicable sections of the TCPA "now explicitly *do not* make it unlawful for anyone to make autodialed, artificial-voice, or prerecorded-voice calls to both wireless phones and residential landline phones, without the prior express consent of the called party, if the calls are 'made solely to collect a debt owed to or guaranteed by the United States.'" [Filing No. 19 at 11 (original emphasis) (citing 47 U.S.C. § 227(b)(1)(A)-(B)).] Because Ms. Workman has not explained how the anticipated FCC rules could retroactively apply to her TCPA claim against Navient, the Court concludes that she has not met her burden to show that a stay is warranted.

This leaves Navient's Motion for Judgment on the Pleadings. [Filing No. 16.] Ms. Workman "does not dispute Defendant was calling to collect on a past due loan payment for her student loans serviced by Defendant" and that she "also does not dispute that the loans Defendant

was calling to collect on are part of the Family Federal Education Loan Program." [Filing No. 19 at 2.]  Thus, Ms. Workman acknowledges that if her request for a stay is not granted, Navient's Motion for Judgment on the Pleadings "will likely be granted." [Filing No. 22-1 at 4.]  To err on the side of caution, the Court will give Ms. Workman one chance to show cause why Navient's Motion for Judgment on the Pleadings should not be granted.  Should she file a response supporting the viability of her claim, Ms. Workman must cite specific authority stating how the forthcoming FCC regulations could retroactively apply to save her TCPA claim against Navient, which she has admitted is not valid as the law currently stands.

### D.  Conclusion

For the reasons set forth herein, the Court **DENIES** Ms. Workman's Motion for Stay. [Filing No. 18.]  The Court takes Navient's Motion for Judgment on the Pleadings **UNDER ADVISEMENT**.  [Filing No. 16.]  The Court **ORDERS** Ms. Workman to **SHOW CAUSE** by **August 5, 2016** why Navient's Motion for Judgment on the Pleadings should not be granted, given the concessions in her brief and that she has cited no authority for her implied proposition that the forthcoming FCC regulations would apply retroactively to the November 2015 calls on which her TCPA claim against Navient is based.  If Ms. Workman attempts to show cause, Navient may file a response within **seven days** of Ms. Workman's filing.  No reply is necessary.

Date:  July 27, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via CM/ECF:**

Michael S. Agruss
AGRUSS LAW FIRM, LLC
michael@agrusslawfirm.com

Samantha Anne Craig
AGRUSS LAW FIRM, LLC
Samantha@agrusslawfirm.com

Bonnie L. Martin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC (Indianapolis)
bonnie.martin@odnss.com